# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:17-CR-0042 |
| v. | (Judge Brann) |
| JOLENE MARIE EDWARDS, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

January 22, 2018

**BACKGROUND**

The United States of America indicted Defendant Jolene Marie Edwards on March 23, 2017 on three counts of bank fraud; a count of theft, embezzlement and misapplication by a bank employee; and two counts of interstate transportation of stolen property. Trial was continued at the request of the Defendant several times, and a date certain jury trial has now been fixed for February 12, 2018.

Edwards has filed a Motion for Disclosure of *Brady, Giglio*, and Jencks Act Material requesting that the Court order and direct the Government to turn over any information in its possession two weeks prior to jury selection - that is to say by January 29, 2018.

The Government largely opposes this request, and has instead offered to turn over this material to counsel by 12:00 p.m. Friday, February 9, 2018.

The oft-cited case, *Brady v. Maryland*,[1] requires the Government to disclose to the defense all exculpatory evidence in its actual or constructive possession. This rule of law has become so well known, that practitioners refer to exculpatory evidence as simply "*Brady* material." The Government violates a defendant's due process rights if it does not disclose this material.[2] *Brady* evidence is that which is material, relevant to guilt or punishment, favorable to the accused, and within the possession (either actual or constructive) of those acting on behalf of the Government.[3] The "*Brady* doctrine generally is understood as a rule of minimum fairness."[4] "It establishes a prosecutorial obligation rather than a general rule of pretrial discovery."[5]

In this matter, Defendant Edwards is also requesting early disclosure of *Giglio* material. The United States Supreme Court held in *Giglio v. United States*[6] that the Government was required to disclose evidence relating to the credibility of

---

[1] 373 U.S. 83 (1963).

[2] *Id.*

[3] *Id.*

[4] *United States v. Beech*, 307 F.R.D. 437, 441 (W.D. Pa. 2015), *see also United States v. Higgs*, 713 F.2d 39, 42 (3d Cir.1983), *cert. denied*, 464 U.S. 1048, 104 S.Ct. 725, 79 L.Ed.2d 185 (1984).

[5] *United States v. Beech*, 307 F.R.D. 437, 441 (W.D. Pa. 2015).

[6] 405 U.S. 150 (1972).

a government witness when that witness's credibility was "an important issue in the case."[7]

Jencks Act material deals with witness statements; it is codified in Title 18 of the United States Code at Section 3500(a). It states in pertinent part that "in any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."

"Both Brady and the Jencks Act entrust the Government with deciding which evidence might be helpful to its opponent."[8] "It is well-settled that the government's obligations under *Brady* require it to disclose actual exculpatory evidence without undue delay."[9] "A district court has general discretionary authority to order the pretrial disclosure of *Brady* impeachment material and that discretion is to be exercised in a manner which "ensure[s] the effective administration of the criminal justice system."[10]

---

[7] *Id.* at 155.

[8] *United States v. Whitehead*, 165 F. Supp. 3d 281, 283 (E.D. Pa. 2016).

[9] *United States v. Johnson*, 218 F. Supp. 3d 454, 459 (W.D. Pa. 2016).

[10] *Id.*

"A defendant's due process rights to a fair trial are not violated where the disclosure of *Brady* impeachment material occurs in time to be used effectively, subsequent cases by the Third Circuit have reiterated and encouraged adherence to the long-standing policy of promoting the early production of all types of *Brady* material, including impeachment [] materials."[11] However, "the government has no obligation to produce Jencks material until the witness has testified."[12]

For its part, the Government asserts that the "materials sought by the defendant consist mainly of witness statements governed by the Jencks Act."[13] As noted above, the Government has proposed to provide witness statements and witness impeachment materials to the defense on or before February 9, 2017 at 12:00 p.m. It has also offered to notify defense counsel of the next day's order of witness no later than the afternoon of the day before which the witnesses are expected to testify.

Unlike other criminal matters, in which the Defendant does not know who may testify against him or her, here Edwards and her counsel surely know the identity of the alleged victim. The unknown players, therefore, are the likely bank

---

[11]  *Id.*

[12]  *United States v. Long-Parham*, 183 F. Supp. 3d 746, 751 (W.D. Pa. 2016) *citing United States v. Maury*, 695 F.3d 227, 248 (3d Cir.2012).

[13]  ECF No. 39 at 6.

employees who will testify as to Edwards' actions.  Consequently, I find that a full business day is sufficient for the Defendant to make her final preparations for trial.

**AND NOW**, for the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Jolene Marie Edwards Motion for Disclosure of *Brady, Giglio*, and Jencks Material, December 19, 2017, ECF No. 34 is GRANTED.  The United States shall disclose any heretofore undisclosed *Brady, Giglio*, and Jencks Act Material no later than **9:00 a.m. on Friday February 9, 2018.**

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge