# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:17-CR-0042 |
| v. | (Judge Brann) |
| JOLENE MARIE EDWARDS, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

### FEBRUARY 5, 2018

**BACKGROUND**

The United States of America indicted Defendant Jolene Marie Edwards on March 23, 2017 on three counts of bank fraud; a count of theft, embezzlement and misapplication by a bank employee; and three counts of interstate transportation of stolen property. Trial was continued at the request of the Defendant multiple times, and a date certain jury trial has now been fixed for February 12, 2018.

Edwards has filed a "Motion to Dismiss or, in the Alternative, to Elect to Consolidate Multiplicitous Counts," specifically Counts One through Three. Naturally, the Government does not concur.

Counts One, Two, and Three of the Indictment read as follows:

| Count | Financial Institution | Date/ Transaction | Amount |
|---|---|---|---|
| 1 | JSSB | July 13, 2012 Withdrawal from customer's JSSB CD account and purchase of $5,482.66 JSSB cashier's check | $6,000.00 |
| 2 | JSSB | August 4, 2012 Withdrawal from customer's JSSB CD account And purchase of $46,000 JSSB cashier's check | $46,222.14 |
| 3 | M&T Bank | August 15, 2012 Deposit of $46, 000 JSSB cashier's check to defendant's M&T checking account | $46,000.00 |

Edwards argues that these counts of the Indictment are duplicitous as "they allege one scheme to defraud with the same facts involving one sum of money, $52,222.14, in three separate counts."[1]

"Problems of multiplicity, commonly described as 'the charging of a single offense in more than one count,' are 'difficult questions' not subject to facile

---

[1] Def. Br. ECF No. 58 at 3.

resolution."[2] Accordingly, the prudent course of action is to follow the conservative approach set forth by Justice Felix Frankfurter, writing for the United States Supreme Court, who, more than sixty years ago stated what remains sound advice today: "Whether an aggregate of acts constitute a single course of conduct and therefore a single offense, or more than one, may not be capable of ascertainment merely from the bare allegations of an [indictment] and may have to await the trial on the facts."[3]

**AND NOW**, for the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Jolene Marie Edwards Motion to Dismiss or, in the Alternative, to Elect to Consolidate Multiplicitous Counts, January 24, 2018, ECF No. 58, is **DENIED** without prejudice with leave to renew the motion at the close of evidence.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[2] *United States v. Walker*, 524 F. Supp. 1029, 1030 (E.D. Pa. 1981) (Troutman, J.), *citing United States v. Israelski*, 597 F.2d 22, 24 (2nd Cir. 1979) *and see United States v. DeStefano*, 429 F.2d 344 (2nd Cir. 1970).

[3] *United States v. Universal C.I.T. Credit Corporation*, 344 U.S. 218, 225, 73 S.Ct. 227, 231, 97 L.Ed. 260 (1952).